UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY EDWARDS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

                             /

File No. 1:09-CV-1029

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Movant Chauncey Edwards's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1.) For the reasons that follow, this motion will be denied.

**I.**

Movant was indicted on June 21, 2006, for possessing with intent to distribute powder and crack cocaine and of manufacturing crack cocaine. (File No. 1:06-CR-139, Dkt. No. 1, Indict.) A superceding indictment was returned on July 20, 2006, containing an additional count for conspiracy. (File No. 1:06-CR-139, Dkt. No. 13, Superceding Indict.) Movant pleaded guilty on October 10, 2006, to the original charges of possession and manufacturing; the conspiracy charge was dismissed as the result of the plea agreement. (File No. 1:06-CR-139, Dkt. 29, Plea Agrmt.) On February 13, 2007, Movant was sentenced to 180 months imprisonment. (File No. 1:06-CR-139, Dkt. No. 42, Sent.) Movant subsequently filed a pro

se motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(a). (File No. 1:06-CR-139, Dkt. No. 49.) Movant alleged in his 35(a) motion that the court had committed "clear error" in scoring the guideline ranges. *Id.* The motion was denied on December 30, 2008, for lack of jurisdiction. (File No. 1:06-CR-139, Dkt. No. 50.) Movant appealed the decision to deny his 35(a) motion, but the Sixth Circuit affirmed the denial on September 16, 2009. (File No. 1:06-CR-139, Dkt. No. 55.) Movant filed this § 2255 petition on November 10, 2009, asserting ineffective assistance of counsel because Counsel failed to file an appeal on Movant's behalf. (Dkt. No. 1.) Movant, aware that the one-year limitation period had run, also filed a motion for equitable tolling to permit his § 2255 motion. (Dkt. No. 2.)

## II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.

2

1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### III.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a

3

> motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).

Because Movant did not file a direct appeal, his conviction became final on February 23, 2007, ten days after the entry of judgement. (File No. 1:06-CR-139, Dkt. No. 43, J.) The one-year filing period to file his § 2255 motion ended on February 23, 2008. The § 2255 motion was filed on November 10, 2009, nearly one and one half years late. (Dkt. No. 1.) Movant alleges that he is entitled to equitable tolling. (Dkt. No. 2.)

In order to be entitled to equitable tolling of the one-year limitation period, a movant must show that he diligently pursued his rights and that some extraordinary circumstances outside of his control prevented his timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005)). Movant alleges that he is entitled to equitable tolling based on the following: (1) he lacked knowledge of the filing

4

deadlines; (2) the Rule 35(a) motion should have been liberally construed as a § 2255 motion; (3) he was reasonably diligent in pursing his rights to appeal his conviction; and (4) his attorney's "egregious" conduct constituted an extraordinary circumstance outside of his control. (Dkt. Nos. 2, 9.)

Movant's first claim is that he did not know the filing deadline for his § 2255 motion. (Dkt. No. 2, at 5.) Movant states that he was under a misapprehension that he was pursuing an appeal through competent counsel, when in fact, no appeal has been filed. (Dkt. No. 2.) Movant states that he attempted to contact Counsel to inquire about the status of his appeal, twice weekly, from the time of sentencing in February 2007, through September 2008. (Dkt. No. 2, at 8.) After receiving no reply, Movant contacted Counsel's colleague to ask about the appeal and learned no appeal had been filed. (Dkt. No. 2, at 8.) During this time, Movant never attempted to contact the court clerk to inquire about the status of his case. Notably, Movant does not explain how Counsel's failure to file an appeal prevented him from filing the instant motion within the one-year statute of limitations. To the extent Movant places the blame for his untimeliness on his attorney, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003). Movant is "ultimately responsible for monitoring the status of his own case." *Gathing v. Booker*, 2007 WL 1295856, at 7. Even if Movant believed, as he stated he did, that Counsel understood his desire to file an appeal and was in fact doing so, Movant failed to monitor the status of that

5

appeal by contacting any other source of that information, such as the court clerk. *See Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001). Furthermore, the fact that Movant is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Gathing*, 2007 WL 1295856. Therefore Movant is not entitled to the tolling of the limitations period on the basis of ignorance of the law or relevant deadlines.

Movant's second claim is that his 35(a) motion should have been liberally construed as a § 2255 motion. (Dkt. No. 2.) Courts have the discretion to recharacterize a pro se motion to "avoid an unnecessary dismissal" or "inappropriately stringent application of formal labeling requirements." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). If this motion had been liberally construed as a § 2255 motion, Movant would have come closer to filing within the limitations period, although he still would have been late. In the 35(a) motion, Movant alleges errors in the sentencing guidelines but did not address his claim of ineffective assistance of counsel which comprises the present § 2255. The 35(a) motion, then, was not Movant's § 2255 motion under another name; it constituted a separate and distinct basis for finding error in his sentence. Furthermore, guideline errors are generally not cognizable as a collateral attack and could not be construed as a § 2255. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996). A non-constitutional error, such as a guideline error, may be addressed in a collateral attack only if the reason for the error was ineffective assistance of counsel. *Id.* Essentially, if Movant claimed that the guidelines were

6

miscalculated based on ineffective assistance of counsel, Movant would be entitled to bring the claim in a § 2255 motion. As it is, Movant's 35(a) motion did not mention ineffective assistance of counsel and therefore could not, even liberally, be construed as a disguised § 2255 motion. (Dkt. No. 49.) The fact that Movant's 35(a) motion was not liberally construed as a § 2255 motion does not serve to toll the limitations period.

Movant's third claim is that he was reasonably diligent in pursing his rights. (Dkt. No. 2.) Movant describes the steps he took to pursue his rights which include the following: calling Counsel to inquire about the status of the appeal, contacting Counsel's colleague for the same, prompt filing of the 35(a) motion upon learning that his appeal had not been filed, and prompt filing of the § 2255 motion upon learning of the dismissal of his 35(a) motion. (Dkt. No. 2, at 2, 5, 6, 8.) While Movant's attempts to contact Counsel show that he was attempting to reach Counsel to inquire about his appeal, this does not show that Movant was diligent in pursuing his rights to collateral attack under a § 2255 motion. *See Morgan v. Money*, 210 F.3d 372 (6th Cir. 2000) (stating that the petitioner made no showing that he exercised due diligence in pursuing § 2254 habeas corpus relief and was therefore not entitled to equitable tolling). Movant's filing of the 35(a) motion as it was does not support his allegations that he was pursuing collateral relief, "albeit, under an incorrect provision of law." (Dkt. No. 2, at 2.) The 35(a) motion alleged guideline miscalculations and not the ineffective assistance of counsel that Movant believes warrants setting aside his sentence. (File No. 1:06-CR-139, Dkt. No. 49.) The 35(a) motion, though an attempt to appeal

Movant's sentence, was not an act of diligence on the part of Movant to pursue his rights under a collateral attack. Additionally, despite Movant's assertion that he promptly filed this § 2255, the record shows that Movant did not file the instant motion until November 10, 2009, almost two months after the court of appeals affirmed the denial of his 35(a) motion. (Dkt. No. 1.) Movant has not met his burden of showing that he has been reasonably diligent in pursuing his right to collateral relief.

Finally, Movant claims that Counsel's conduct was so egregious as to warrant equitable tolling of the statute of limitations period. Lack of communication from an attorney, or failure to file a motion on time cannot be considered an "extraordinary circumstance" that prevented Movant from timely filing his § 2255 motion. *Holland*, 130 S.Ct. at 2562. Movant eventually filed the § 2255 motion pro se, which he could have done sooner if he had sufficiently monitored the status of his appeal. Counsel's lack of communication with Movant did not prevent Movant from filing his § 2255 motion. Rather, Counsel's failure to return even one phone call in the entire period from February 2007, through September 2008, should have prompted Movant to attempt to learn the status of his case by alternate means. Because Movant has not met his burden of showing that he diligently pursued his rights and that there were extraordinary circumstances outside of his control that prevented him from timely filing, Movant's motion for equitable tolling will be denied. No evidentiary hearing is required to resolve the merits of the pending motion. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255

will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Date:  October 25, 2010                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE